```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA
```

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
v.                              )     No. CR-08-52-FHS
                                )
JOEL T. STRINGFELLOW and        )
TERRY L. STRINGFELLOW,          )
                                )
            Defendants.         )

## ORDER

On December 5, 2008, a jury returned guilty verdicts on Counts Six through Ten of the indictment charging Defendant, Terry L. Stringfellow, with making false declarations in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3). Terry L. Stringfellow now moves the Court pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure for a judgment of acquittal and/or new trial on Counts Six through Ten. In support of her motions, Terry L. Stringfellow argues 1) she is entitled to a new trial because the Court erred when it defined the term "false declaration" to include a knowing omission of facts, 2) she is entitled to a new trial because the prosecutor engaged in misconduct when he informed the jurors that certain creditors had been "stiffed" when, in fact, they had been paid within ninety days of the filing of the bankruptcy, and 3) she is entitled to a judgment of acquittal as she was not required to disclose the third-party banking account of her husband and co-defendant, Joel T. Stringfellow. Having fully considered the motions (Docs. Nos. 70 and 72) and the evidence presented at trial, the Court concludes the Motions for Judgment of Acquittal (Doc. No. 72) and New Trial (Doc. No. 70) should be denied.

In assessing a defendant's post-verdict motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, the Court views the evidence, both direct and circumstantial, in the light most favorable to the government. United States v. Frazier, 53 F.3d 1105, 1115 (10th Cir. 1995). The Court does not weigh the conflicting evidence or assess the credibility of the witnesses; rather, it determines, whether the evidence, if believed, would establish each element of the crime charged. Id. If this standard is met, the Court must respect the jury's role as fact-finder and defer to its verdict of guilty. Id. Thus, the Court cannot "overturn a jury's finding unless no reasonable juror could have reached the disputed verdict." United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997), cert. denied, 523 U.S. 1144 (1998).

A motion for new trial may be granted by the Court "if the interest of justice so requires." Fed.R.Crim.P 33. A defendant bears the burden of establishing the necessity of a new trial and "[t]he decision to grant or deny a motion for new trial rests within the district court's sound discretion." United States v. Davis, 15 F.3d 526, 531 (10th Cir. 1994). Motions for new trial are viewed with disfavor and great caution should be exercised when granting such motions. United States v. Chatman, 994 F.2d 1510, 1518 (10th Cir.), cert. denied, 510 U.S. 883 (1993). A new trial may be granted only if after weighing the evidence and the credibility of the witnesses, the Court finds that "the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." United States v. Evans, 42 F.3d 586, 593 (10th Cir. 1994)(quotation omitted). A new trial based on grounds of prosecutorial misconduct involves an evaluation of whether there was improper conduct that warrants a reversal. United States v. Lonedog, 929 F.2d 568, 572 (10th Cir.), cert. denied, 502 U.S. 854

(1991). Not all improper prosecutorial conduct necessitates a reversal, but rather, a reversal is warranted only when it is determined that such conduct influenced the verdict. United States v. Alexander, 849 F.2d 1293, 1296 (10th Cir. 1988). In the context of prosecutorial misconduct not objected to at trial, reversal is warranted only for plain error. United States v. Coppola, 486 F.2d 882, 884 (10th Cir. 1973), cert. denied, 415 U.S. 948 (1974). Plain error is "'*fundamental error*, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.'" Id.(quoting United States v. Summerour, 279 F.Supp. 407, 410 (E.D. Mich. 1968)(emphasis in original)). In the context of prosecutorial misconduct objected to at trial, a harmless-error analysis applies and reversal is warranted only if the prosecutorial misconduct "had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990)(en banc)(quoting United States v. Kotteakos, 328 U.S. 750, 765 (1946).

With these standards in mind, the Court finds there was sufficient evidence presented at trial to sustain the false declaration convictions under Counts Six through Ten of the indictment against Terry L. Stringfellow and that a new trial is not warranted with respect to any of these counts. Specifically, the testimony and evidence established that Terry L. Stringfellow omitted from the statements of financial affairs and the monthly reports information about transfers into the Stringfellow Account and other pre-bankruptcy transfers. Knowing omissions of this type are within the coverage of the false declaration provision of 18 U.S.C. § 152(3). See United States v. Ellis, 50 F.3d 419, 423-24 (7th Cir. 1995)(knowing omission of prior bankruptcies constitutes false declaration under 18 U.S.C. § 152); see also United States v.

3

McIntosh, 124 F.3d 1330, 1335 (10th Cir. 1997)(citing Ellis and noting that "where the debtor is under a duty to disclose, the bankruptcy court must know about an asset to determine its status, including whether it is property of the estate or, in a reorganization case, how it affects the feasability of the debtor's plan."). Finally, the Court finds nothing improper about the prosecutor's reference to certain creditors being "stiffed" even though they had been paid within ninety days of the bankruptcy given the underlying theory presented by the Government that the failure to disclose certain transfers prevented the Chapter 7 trustee from recovering those transfers for the overall benefit of creditors. Consequently, the Motions for Judgment of Acquittal (Doc. No. 72) and New Trial (Doc. No. 70) are denied.

It is so ordered this 5th day of January 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma